UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE:   IN THE MATTER OF THE
COMPLAINT OF SHAWNA RAYE,
LLC, AS OWNER AND WILLIAM
COMEAUX AND RUTH ANNE
COMEAUS, AS OWNERS PRO HAC
VICE OF THE 2006 47' NAUTITECH
VESSEL

_____

SHAWNA RAYE, LLC, WILLIAM
COMEAUX and RUTH ANN
COMEAUX,

              Plaintiffs,

v.                                                    Case No:   2:15-cv-770-FtM-99CM

JOHN DOE,

              Defendant.

_____

## REPORT AND RECOMMENDATION[1]

    This matter comes before the Court upon review of Petitioners' Motion for

Entry of Final Default Judgment (Doc. 16)[2] filed on February 22, 2016.   The matter

is ripe for review.

_____

    [1] A party has fourteen days from this date to file written objections to the Report and
Recommendation's factual findings and legal conclusions.   A party's failure to file written
objections waives that party's right to challenge on appeal any unobjected-to factual finding
or legal conclusion the district judge adopts from the Report and Recommendation.   See 11th
Cir. R. 3-1.   **In order to expedite a final disposition of this matter, if the parties have no
objection to this Report and Recommendation, they promptly may file a joint notice of no
objection.**

    [2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents
or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned
that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks

## Background

This is an admiralty action.   On December 10, 2015, pursuant to 46 U.S.C. § 30501 *et seq.*, Petitioners Shawna Raye, LLC, as owner, and William Comeaux and Ruth Anne Comeaux, as owners *pro hac vice*, of the 2006 47' NAUTITECH VESSEL (hull identification number FRNAUN0192G606) (the "vessel"), filed a Complaint for Exoneration from or Limitation of Liability.   Doc. 1.   The events precipitating the lawsuit relate to a fire that occurred on board the vessel on or about July 9, 2015 where at least one person was injured.   *Id.* ¶ 14.   During that time, the vessel was moored at a dock in Punta Gorda, Charlotte County, Florida.   *Id.* ¶ 13.   The petitioners filed this action seeking to exonerate or limit their liability from any property damage and personal injury due to the fire incident.   Doc. 1.

## Discussion

In an action to exonerate or limit liability from claims arising out of maritime accidents, the Supplemental Rules for Admiralty or Maritime Claims set forth strict deadlines for providing notice to potential claimants and filing claims.   Pursuant to Supplemental Rule 4(F),

> the court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. For cause shown, the court may enlarge the time

---

to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

> within which claims may be filed. The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose. In cases involving death a copy of such notice shall be mailed to the decedent at the decedent's last known address, and also to any person who shall be known to have made any claim on account of such death.

FED. R. CIV. P. SUPP RULE F(4).   Once such notice has been given, all claims "shall be filed and served on or before the date specified in the notice provided . . ."   FED. R. CIV. P. SUPP RULE F(5).   Additionally, any claimant that "desires to contest either the right to exoneration from or the right to limitation of liability . . . shall file and serve an answer to the complaint unless the claim has included an answer."   *Id.*

On December 17, 2016, the Court entered an Order Approving *Ad Interim* Stipulation, Notice of Monition and Injunction.   Doc. 6.   The Court set a deadline of February 8, 2016 for filing a claim.   *Id.* at 3.   Starting January 6, 2016, for four consecutive weeks, Petitioners published a copy of the Notice of Monition in *The News-Press Media Group*, a daily newspaper published in Fort Myers, Florida.   *See* Doc. 12.   No potential claimants have filed any claims or otherwise appeared in this proceeding.   On February 16, 2016, Petitioners requested, and the Court granted, the entry of a clerk's default against all potential claimants who failed to file a claim and answer in this proceeding.   Docs. 13, 14.   Now, Petitioners seek a default judgment against all persons and entities that failed to file a claim or answer.   Doc. 16 at 4.

Because Petitioners have satisfied the requisite conditions for securing a default judgment against non-filing claimants, and because all potential claimants have failed to plead or otherwise defend, it is recommended that default judgment be entered against these parties. *See In re Reef Innovations*, Inc., No. 6:11-cv-1703-Orl-31, 2012 WL 195531 (M.D. Fla. Jan. 6, 2012), report and recommendation adopted, *In Matter of Reef Innovations, Inc. v. Triplett*, No. 6:11-cv-1703-Orl-31, 2012 WL 177558 (M.D. Fla. Jan. 23, 2012).

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1.      Petitioners' Motion for Entry of Final Default Judgment (Doc. 16) be **GRANTED**.

2.      The Court enter a final default judgment declaring that the period for filing a claim or answer in this limitation proceeding is closed, and any claims or answers against Petitioners in this proceeding or any proceeding related to or arising out of the events described in the Complaint (Doc. 1) are barred.

2.      The Court enter a final default judgment in favor of Petitioners Shawna Raye, LLC, as owner, and William Comeaux and Ruth Anne Comeaux, as owners *pro hac vice*, of the 2006 47' NAUTITECH VESSEL (hull identification number FRNAUN0192G606), her engines, tackles, appurtenances, etc., against all claimants who have not timely filed claims or answers in response to Petitioners' Complaint for Exoneration from or Limitation of Liability (Doc. 1).

**DONE** and **ENTERED** in Fort Myers, Florida on this 9th day of May, 2016.


CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record